# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

LUCY WEISS, Individually, and
BRIAN CHAPMAN, Individually,
*Plaintiffs,*

    **-v-**

BLUE WATER DEVELOPMENT CORP.,
d/b/a COMFORT INN & SUITES
DAYTONA BEACH OCEANFRONT,
and CHOICE HOTELS
INTERNATIONAL, INC.,
*Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No._____

**COMPLAINT AND JURY DEMAND**

**CIVIL ACTION**

*This action alleges, inter alia, violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., and 42 U.S.C. § 12203, as well as supplemental state-law claims under the Florida Deceptive and Unfair Trade Practices Act, breach of contract, and unjust enrichment, arising from Defendants' unlawful imposition of a surcharge against a guest with a trained service animal at the Comfort Inn & Suites Daytona Beach Oceanfront. Defendants' conduct denied Plaintiff Lucy Weiss full and equal access to a public accommodation on the basis of her disability and caused both Plaintiffs significant financial, emotional, and personal harm in violation of the aforesaid bodies of law.*

Plaintiffs LUCY WEISS and BRIAN CHAPMAN, by and through undersigned counsel, file this Complaint against Defendants Blue Water Development Corp. and Choice Hotels International, Inc., and allege as follows:

**INTRODUCTION**

1. This action arises from Defendants' discriminatory, unlawful, and deliberately indifferent conduct toward Plaintiff Lucy Weiss, an individual with a disability who relies on a trained service animal, and Plaintiff Brian Chapman, who suffered direct financial harm as a result

1

of Defendants' actions.

2.      During Plaintiffs' stay at the Comfort Inn & Suites Daytona Beach Oceanfront on November 10–11, 2025, Defendants imposed a surcharge solely because Ms. Weiss was accompanied by her service dog—first attempting to charge a $250 "service dog fee," and ultimately charging $100 to Mr. Chapman's credit card after Plaintiffs had already checked in.

3.      Federal law prohibits public accommodations from imposing any fee, deposit, or surcharge for the presence of a service animal. 28 C.F.R. § 36.302(c)(8). Defendants' conduct constitutes a clear and unequivocal violation of Title III of the Americans with Disabilities Act and reflects a failure to implement even the most basic ADA-compliant policies or training.

4.      As a direct result of Defendants' actions, Ms. Weiss experienced humiliation, distress, and emotional harm arising from being singled out and penalized because of her disability, while Mr. Chapman suffered economic loss and personal disruption. Plaintiffs therefore seek declaratory and injunctive relief under the ADA, as well as compensatory, emotional-distress, and economic damages under Florida law.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., and the ADA's anti-interference provision, 42 U.S.C. § 12203.

6.      The Court has supplemental jurisdiction over Plaintiffs' related state-law claims including violations of the Florida Deceptive and Unfair Trade Practices Act, breach of contract, and unjust enrichment pursuant to 28 U.S.C. § 1367, as these claims form part of the same case or controversy as the federal claims.

7.      Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this action occurred in Daytona Beach,

Florida, where the subject hotel is located and where Defendants' discriminatory conduct took place.

**PARTIES**

8. At all times relevant hereto, Plaintiff LUCY WEISS was and is an adult individual with a disability residing in Florida. She uses a trained service animal to mitigate symptoms of PTSD, anxiety, and seizure-related conditions, as documented by licensed medical providers, and is therefore a qualified individual with a disability under the ADA.

9. At all times relevant hereto, Plaintiff BRIAN CHAPMAN was and is an adult individual residing in Florida. He paid for the hotel accommodations at issue and was directly charged the unlawful surcharge imposed by Defendants.

10. At all times relevant hereto, Defendant BLUE WATER DEVELOPMENT CORP. was and is a hospitality developer, owner, operator, and manager of the Comfort Inn & Suites Daytona Beach Oceanfront, responsible for the hotel's policies, practices, staff training, and compliance with federal and state law. It may be served at 802 Coastal Highway, Suite 1, Fenwick Island, DE 19944.

11. At all times relevant hereto, Defendant CHOICE HOTELS INTERNATIONAL, INC. was and is the franchisor of the Comfort Inn brand, establishing operational standards, policies, and training requirements for franchise properties, including those governing ADA compliance and service-animal accommodations. It may be served at its corporate headquarters located at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

12. At all times relevant hereto, Defendants jointly controlled, operated, managed, supervised, or otherwise influenced the policies, practices, and conduct at the subject hotel, including those relating to service-animal accommodations, guest charges, and ADA compliance.

13. At all times relevant hereto, the employees, agents, and representatives of

3

Defendants were acting within the course and scope of their employment, agency, or authority. Defendants are therefore vicariously liable for the acts and omissions of their employees under well-established principles of agency, respondeat superior, and non-delegable duties applicable to public accommodations, including duties arising under the ADA and Florida law.

14.     The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged herein are currently unknown to Plaintiff. Plaintiff will seek leave from the court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

## FACTUAL BACKGROUND

15.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

16.     On November 10, 2025, Plaintiffs Lucy Weiss and Brian Chapman checked into the Comfort Inn & Suites Daytona Beach Oceanfront for a one-night stay. Mr. Chapman paid for the reservation using his personal credit card.

17.     Ms. Weiss traveled with her trained service dog, which she relies upon to detect and prevent complications related to her diagnosed PTSD, anxiety, and seizure-related conditions. Her service animal is trained to recognize behavioral, visual, and olfactory cues associated with her medical conditions and to intervene to ensure her safety.

18.     Prior to the events at issue, Ms. Weiss's licensed medical providers issued written documentation confirming her disabilities and the medical necessity of her service animal. These documents were valid, current, and available upon request.

19.     At check-in, Defendants' staff did not disclose any pet fees, deposits, surcharges, or additional charges of any kind related to the presence of a service animal. Plaintiffs were provided with no notice, written or verbal, of any such fees.

20.     After Plaintiffs had already checked in, received their room keys, and entered their assigned room, Defendants' staff contacted Plaintiffs and attempted to impose a $250 "service dog fee." This fee was not part of the reservation, was not disclosed at check-in, and was demanded solely because Ms. Weiss was accompanied by her service animal.

21.     When Plaintiffs objected and explained that the dog was a trained service animal protected under federal law, Defendants nevertheless insisted on imposing a charge. Defendants ultimately charged $100 to Mr. Chapman's credit card solely because Ms. Weiss had a service animal.

22.     Federal law prohibits public accommodations from imposing any surcharge, fee, or deposit for the presence of a service animal. 28 C.F.R. § 36.302(c)(8). Defendants' conduct constitutes a direct violation of this regulation and reflects a failure to implement even the most basic ADA-compliant policies or staff training.

23.     Even if such a fee had been prominently disclosed, included in the reservation terms, or agreed to in the fine print of any contract, any surcharge imposed because of a service animal is per se unlawful under federal law. The ADA's prohibition on service-animal fees is absolute and non-waivable. Public accommodations cannot contract around, disclaim, limit, or evade their statutory obligations by embedding discriminatory terms in reservation materials, policies, or agreements. Any such provision would be void as against public policy and unenforceable as a matter of law.

24.     Defendants' actions caused Ms. Weiss to experience humiliation, distress, and emotional harm, including the fear of being penalized, removed, or denied lodging because of her disability. Mr. Chapman suffered financial loss, frustration, and personal disruption as a result of the unlawful surcharge.

25.     Defendants' policies, practices, and staff conduct demonstrate a systemic failure

5

to comply with ADA requirements, Florida consumer-protection laws, and industry-standard nondiscrimination obligations. Defendants either lacked appropriate ADA-compliant policies or failed to train their employees on the legal rights of individuals with service animals.

26.    At all relevant times, Defendants' employees acted within the course and scope of their employment, and Defendants are vicariously liable for their conduct. Defendants also bear non-delegable duties under the ADA and Florida law to ensure that guests with disabilities are treated in a lawful, nondiscriminatory manner.

**COUNT I**
**VIOLATION OF ADA TITLE III (42 U.S.C. § 12182)**
*(Against All Defendants)*

27.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

28.    Plaintiff Lucy Weiss is a qualified individual with a disability within the meaning of the Americans with Disabilities Act. She relies on a trained service animal to mitigate symptoms of PTSD, anxiety, and seizure-related conditions, and is therefore entitled to the protections afforded by Title III.

29.    Defendants own, operate, lease, or control a "public accommodation", specifically, a hotel, within the meaning of 42 U.S.C. § 12181(7)(A), and are subject to the nondiscrimination requirements of Title III and its implementing regulations.

30.    Defendants imposed a surcharge solely because Ms. Weiss used a service animal, in direct violation of 28 C.F.R. § 36.302(c)(8), which expressly prohibits public accommodations from imposing any fee, deposit, or surcharge for the presence of a service animal.

31.    Even if such a surcharge had been disclosed in reservation materials, presented at check-in, or included in the fine print of any contract, any fee imposed because of a service animal

6

is unlawful under the ADA. The rights and protections afforded by Title III are non-waivable, and public accommodations cannot contract around, disclaim, limit, or evade their statutory obligations by embedding discriminatory terms in policies, forms, or agreements. Any such provision would be void as against public policy and unenforceable as a matter of law.

32.     By attempting to charge a $250 "service dog fee" and ultimately charging $100 to Plaintiff Chapman's credit card after Plaintiffs had already checked in, Defendants denied Ms. Weiss full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the hotel, in violation of 42 U.S.C. § 12182(a).

33.     Defendants' conduct reflects a failure to implement or enforce ADA-compliant policies, procedures, and staff training, and constitutes discrimination on the basis of disability under Title III.

34.     Plaintiffs are entitled to declaratory and injunctive relief requiring Defendants to cease imposing unlawful service-animal fees, adopt ADA-compliant policies, and properly train staff. Plaintiffs also seek reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## COUNT II
## INTERFERENCE, COERCION, OR INTIMIDATION (42 U.S.C. § 12203)
### (Against All Defendants)

35.     Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

36.     Under 42 U.S.C. § 12203(b), it is unlawful for any person or entity to coerce, intimidate, threaten, or interfere with an individual in the exercise or enjoyment of rights granted or protected by the ADA.

37.     Defendants' conduct, including attempting to impose a $250 "service dog fee," demanding payment after Plaintiffs had already checked in, and ultimately charging $100 solely

because Ms. Weiss used a service animal, constitutes interference, coercion, and intimidation within the meaning of § 12203. Defendants' actions were intended to pressure Plaintiffs into paying an unlawful surcharge and to deter Ms. Weiss from exercising her ADA-protected right to travel with her service animal without penalty.

38.    Defendants' conduct would deter a reasonable person with a disability from asserting their rights under the ADA and caused Ms. Weiss to experience distress, fear of further penalty, and concern that she might be denied lodging or subjected to additional discriminatory treatment.

39.    Defendants acted knowingly, intentionally, or with reckless disregard for Ms. Weiss's federally protected rights, and their conduct reflects a failure to implement or enforce ADA-compliant policies and training.

40.    Plaintiffs are entitled to declaratory and injunctive relief to prevent further interference with ADA rights, as well as reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

## COUNT III
### VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FDUTPA)
### *(Against All Defendants)*

41.    Plaintiff hereby repeats all of the allegations contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

42.    Defendants engaged in unfair and deceptive acts or practices within the meaning of Fla. Stat. § 501.204, including but not limited to: (a) imposing undisclosed and unlawful fees after Plaintiffs had already checked in; (b) misrepresenting or failing to disclose the true terms and conditions of lodging services; (c) charging a fee that is expressly prohibited under federal law; and (d) representing that Plaintiffs were required to pay a surcharge for a service animal when no

8

such charge is permitted.

43.    Even if Defendants had disclosed the surcharge in reservation materials or contractual fine print, any term purporting to authorize a fee for a service animal is unlawful, void, and unenforceable because it directly conflicts with federal law. Representing that such a fee is permissible, or embedding such a term in consumer-facing materials, constitutes a deceptive and unfair practice under FDUTPA and violates established public policy.

44.    Defendants' conduct was likely to mislead consumers acting reasonably under the circumstances and constitutes both an unfair practice because it offends established public policy and is immoral, unethical, oppressive, or unscrupulous and deceptive practice, because it involved material omissions and misrepresentations regarding mandatory charges.

45.    As a direct and proximate result of Defendants' unfair and deceptive practices, Plaintiffs suffered actual damages, including but not limited to: (a) the $100 unlawful surcharge charged to Mr. Chapman's credit card; (b) financial loss associated with the deceptive transaction; and (c) emotional distress, humiliation, and personal disruption experienced by Ms. Weiss as a result of being subjected to discriminatory and misleading conduct.

46.    Defendants' conduct occurred in the course of trade or commerce as defined by Fla. Stat. § 501.203(8).

47.    Plaintiffs are entitled to recover compensatory damages, attorneys' fees, and costs pursuant to Fla. Stat. § 501.2105, as well as any other relief the Court deems just and proper.

### COUNT IV
### BREACH OF CONTRACT
*(Against All Defendants)*

48.    Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

49.     Plaintiffs entered into a valid and enforceable contract with Defendants for lodging services at the Comfort Inn & Suites Daytona Beach Oceanfront for the night of November 10, 2025. The terms of the reservation included the room rate, taxes, and standard charges disclosed at the time of booking and at check-in.

50.     A material term of the contract was that no additional or undisclosed fees, including fees related to the presence of a service animal, would be imposed. Defendants did not disclose any pet fees, deposits, or surcharges at the time of booking or at check-in.

51.     Defendants materially breached the contract by imposing an undisclosed and unlawful surcharge after Plaintiffs had already checked in and occupied their room, first attempting to charge a $250 "service dog fee" and ultimately charging $100 to Plaintiff Chapman's credit card solely because Ms. Weiss used a service animal.

52.     Defendants' breach was neither permitted by the contract nor justified under any lawful policy and directly contradicted federal law prohibiting such surcharges.

53.     As a direct and proximate result of Defendants' breach, Plaintiffs suffered damages, including but not limited to: (a) the $100 unlawful charge; (b) loss of the benefit of the bargain; (c) financial loss; and (d) emotional distress and personal disruption associated with being subjected to discriminatory and undisclosed charges.

## COUNT V
## UNJUST ENRICHMENT

54.     Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates the same as if fully set forth at length herein.

55.     Defendants knowingly received and retained a financial benefit in the form of the $100 surcharge imposed on Plaintiff Chapman's credit card, a charge demanded solely because Plaintiff Weiss used a trained service animal.

10

56.    Plaintiffs conferred this benefit under circumstances in which Defendants had no legal right to demand or retain such payment, as federal law expressly prohibits public accommodations from imposing fees, deposits, or surcharges for service animals.

57.    Defendants' retention of this benefit is unjust, inequitable, and contrary to established public policy, as it was obtained through unlawful, deceptive, and discriminatory conduct.

58.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiffs suffered financial loss, emotional harm, and personal disruption.

59.    Plaintiffs seek restitution, disgorgement, and damages in an amount to be determined at trial, together with any further relief the Court deems just and proper.

## PRAYER FOR RELIEF

60.    **WHEREFORE,** for the foregoing reasons and pursuant to the Counts above, Plaintiffs, LUCY WEISS and BRIAN CHAPMAN, respectfully demand judgment against Defendants, BLUE WATER DEVELOPMENT CORP. and CHOICE HOTELS INTERNATIONAL, INC., and request that this Court declare that Defendants' conduct violated the Americans with Disabilities Act; issue injunctive relief requiring Defendants to cease charging service-animal fees and to implement ADA-compliant policies and staff training; award compensatory damages under Florida law, including emotional-distress damages; award restitution and economic damages; award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and applicable Florida law; and grant any further relief the Court deems just, equitable, and proper.

## JURY DEMAND

61.    Plaintiff demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of

11

the Federal Rules of Civil Procedure.

## <u>CERTIFICATION</u>

62.     Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

**LLG NATIONAL LAW GROUP**

Dated: <u>June 30, 2026</u>

_____
Robert S. Mactavish, Esquire
Florida Bar Number 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
robert.mactavish@llgnational.com
*Attorney for Plaintiffs*

12