**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUCY WEISS,** Individually, and **BRIAN CHAPMAN,** Individually**,**

**Plaintiffs,**

**v.**

**BLUE WATER DEVELOPMENT, CORP., d/b/a COMFORT INN & SUITES DAYTONA BEACH OCEANFRONT, and, CHOICE HOTELS,**

**Defendants.**

**CASE NO. 6:26-cv-01416-GAP-LHP**

**DEFENDANT, BLUE WATER HOSPITALITY GROUP LLC D/B/A COMFORT INN & SUITES DAYTONA BEACH OCEANFRONT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTFFS' COMPLAINT**

Defendant, Blue Water Hospitality Group LLC d/b/a Comfort Inn & Suites Daytona Beach Oceanfront (improperly pled as "Blue Water Development Corp." and correctly identified as Blue Water Hospitality Group LLC), ("Defendant"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to the Complaint (the "Complaint") [Doc. 1], filed by Plaintiffs' Lucy Weiss and Brian Chapman ("Plaintiffs') as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff purports to bring an action but denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant denies it violated Title III of the Americans with Disabilities Act and failed to implement ADA-compliant policies or training. The remaining allegations set forth in Paragraph 3 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits that this Court has subject-matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331.

6. Defendant admits that this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Defendant avers that venue is proper in this Division. Defendant denies any remaining allegations set forth in Paragraph 7 of the Complaint.

**PARTIES**

8. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's residence and therefore denies the same. Defendant denies any remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's residence and therefore denies the same. Defendant denies any remaining allegations set forth in Paragraph 8 of the Complaint.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint. Defendant avers that Blue Water Hospitality Group LLC is the correct entity and may be served at 802 Coastal Highway, Suite 1, Fenwick Island, DE 19944.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 11 of the Complaint and therefore denies the same.

12. The allegations set forth in Paragraph 12 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

13. The allegations set forth in Paragraph 13 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

14. Defendant avers that the allegations set forth in Paragraph 14 are not directed towards Defendant, and, therefore, no response is required. To the extent a response is required, Defendant denies such allegations.

## FACTUAL BACKGROUND

15. Defendant repeats and reasserts its responses to Paragraphs 1 through 14 of the Complaint as though fully set forth herein.

16. Defendant avers that Plaintiff Lucy Weiss was not identified as a guest on the hotel reservation and admit that Plaintiff Brian Chapman checked into the hotel and paid for the reservation using his personal card. To the extent the allegations contained in Paragraph 16 are inconsistent with the foregoing, Defendant denies same.

17. Defendant avers that Plaintiff Lucy Weiss had a dog in her possession that was not presented or disclosed at the time of check-in or at the time of reservation. Defendant is without knowledge or information sufficient to form a belief as to any remaining allegations in Paragraph 17 and therefore denies those allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to any allegation in Paragraph 18 and therefore denies the same.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint and avers that pet fees are disclosed at check-in and at the time of reservation.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint and avers that Plaintiffs failed to disclose the presence of Plaintiff Lucy Weiss' dog at the time of check-in, did not identify or register the dog as part of the hotel

reservation, and instead brought the dog onto the premises through a rear entrance without notifying Defendant.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. The allegations set forth in Paragraph 22 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations.

23. The allegations set forth in Paragraph 23 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

**COUNT I**
**VIOLATION OF ADA TITLE III (42 U.S.C. § 12182)**
**(Against All Defendants)**

27. Defendant repeats and reasserts its responses to Paragraphs 1 through 26 of the Complaint as though fully set forth herein.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. The allegations set forth in Paragraph 29 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

**COUNT II**
**INTERFERENCE, COERCION, OR INTIMIDATION (42 US.C. § 12203)**
**(AGAINST ALL DEFENDANTS)**

35. Defendant repeats and reasserts its responses to Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. The allegations set forth in Paragraph 36 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

## COUNT III
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTIVES ACT (FDUTPA)
## (AGAINST ALL DEFENDANTS)

41. Defendant repeats and reasserts its responses to Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. The allegations set forth in Paragraph 43 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

**COUNT IV**
**BREACH OF CONTRACT**
**(AGAINST ALL DEFENDANTS)**

48. Defendant repeats and reasserts its responses to Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49. The allegations set forth in Paragraph 49 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

**COUNT V**
**UNJUST ENRICHMENT**

54. Defendant repeats and reasserts its responses to Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

**PRAYER FOR RELIEF**

60. In response to the Wherefore Clause in Paragraph 60 of the Complaint, Defendant denies that it violated Plaintiffs' rights, that Plaintiffs are entitled to judgment in this action, and/or that Plaintiffs are entitled to any of the relief requested therein.

**JURY DEMAND**

61. Defendant acknowledges that Plaintiffs request a trial by jury but denies that there are any issues of fact to be tried and, therefore, denies that Plaintiffs are entitled to a jury trial.

**GENERAL DENIAL**

All remaining allegations asserted against Defendant and not specifically admitted or denied herein are hereby denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, without prejudice to its right to argue that Plaintiffs' bear the burden of proof regarding some or all of these defenses:

1. Plaintiffs' Complaint is barred, in whole or in part, by Plaintiffs' failure to exhaust administrative remedies.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, and/or laches to the extent the facts established in this action satisfy the applicable elements of those defenses.

3. Plaintiffs' Complaint are barred, in whole or in part, because Defendant breached no duty owed to Plaintiffs under federal or state law.

4. Plaintiffs' Complaint, and each applicable Count thereof, fails to state a claim upon which relief may be granted.

5. Defendant is not liable for Plaintiffs' claim for damages set forth in the Complaint to the extent Plaintiffs seek redress for physical or emotional injuries arising from preexisting physical or mental conditions.

6. Defendant's challenged conduct was based upon legitimate, nondiscriminatory considerations, including the circumstances surrounding the presence of an undisclosed animal at the subject property, and not upon Plaintiffs' actual or perceived disabilities or their purported compliance with Title III of the ADA.

7. Defendant denies that it discriminated against Plaintiffs on the basis of disability or otherwise denied Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the subject property in violation of Title III of the ADA.

8. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs lack standing to pursue the relief requested, including to the extent Plaintiffs cannot establish an actual or imminent injury sufficient to warrant prospective injunctive relief under Title III of the ADA or Florida law.

9. To the extent Plaintiffs' claims are premised upon an alleged failure to modify Defendant's policies, practices, or procedures, Defendant asserts that it complied with its obligations under Title III of the ADA and that no legally required reasonable modification was improperly denied.

10. To the extent Plaintiffs seek modifications of Defendant's policies, practices, or procedures that are not otherwise specifically required by the Americans with Disabilities Act, Defendant asserts that it is not obligated to implement modifications that would fundamentally alter the nature of its goods, services, facilities, privileges, advantages, or accommodations.

11. Plaintiffs' requests for prospective relief are barred, in whole or in part, to the extent the alleged violations have been fully and permanently remedied and there is no reasonable expectation that the challenged conduct will recur.

12. Plaintiffs are not entitled to recover compensatory, emotional distress, or punitive damages under Title III of the ADA, which authorizes private

litigants to seek injunctive relief and, where applicable, attorney's fees and costs, but not monetary damages.

13. To the extent any portion of Plaintiffs' claims are based upon an act or omission occurring outside an applicable limitations period, such claims are barred, in whole or in part, by the applicable statute of limitations.

14. Plaintiffs may not obtain a double recovery for the same alleged injury under overlapping federal and state statutory theories or damages. Any award of damages must be limited to prevent duplicative recovery and must account for all applicable statutory caps, offsets, exclusions, and other limitations on recoverable relief.

15. Plaintiffs' claims are barred due to the failure of a condition precedent.

16. As to any contract which may have existed between the parties, said contract was materially breached by Plaintiffs, which obviated Defendant's duties or obligations under the subject contract.

17. Plaintiffs' Complaint should be dismissed because Defendant asserts that it engaged in good faith negotiations with Plaintiff and, at no time, made any statements to Plaintiffs which Defendant knew were false. Further, Defendant asserts that, at no time, were any statements made to Plaintiffs with the intent to deceive Plaintiff.

18. Plaintiffs' claims are barred, in whole or in part, due to the after acquired evidence.

19. To the extent Plaintiffs suffered any damages or losses for which Plaintiffs' seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiffs' own acts, conduct, or admissions.

20. To the extent Plaintiff asserts any tort claims arising from the same conduct underlying Plaintiff's breach of contract claim, such claims are barred by Florida's independent tort doctrine. Under Florida law, a plaintiff cannot maintain an independent tort claim based solely upon the alleged breach of a contractual obligation without establishing a duty independent of the contract. Accordingly, to the extent Plaintiff's tort claims merely restate alleged contractual breaches without identifying an independent legal duty or actionable tortious conduct, such claims are barred, in whole or in part, by the independent tort doctrine.

**RESERVATION OF RIGHTS**

Defendant reserves the right to raise additional affirmative defenses which may become known during discovery.

**WHEREFORE**

WHEREFORE, having fully answered the Complaint and having raised defenses thereto, Defendant respectfully requests that this Court: (i) enter judgment in its favor and against Plaintiffs; (ii) award Defendant the costs of suit herein; (iii) award Defendant reasonable attorneys' fees as may be determined by the Court; and (iv) grant such further relief as the Court deems just and proper.

DATED this 26th day of October, 2026.

Respectfully submitted,

JACKSON LEWIS P.C.
390 North Orange Avenue, Suite 1285
Orlando, Florida 32801
Telephone: (407) 246-8440
Facsimile: (407) 246-8441

By: _/s/ Brandon U. Campbell_
**Brandon U. Campbell, Esq.**
**LEAD TRIAL COUNSEL**
Florida Bar Number: 112853
brandon.campbell@jacksonlewis.com
jillian.sotomayor@jacksonlewis.com
orlandodocketing@jacksonlewis.com

Caroline C. Braga, Esq.
New Jersey Bar No. 334222022
Admitted Pro Hac Vice
caroline.braga@jacksonlewis.com
vanessa.tlatenchi@jacksonlewis.com
orlandodocketing@jacksonlewis.com

Attorneys for Defendant,
Blue Water Hospitality Group LLC d/b/a Comfort Inn & Suites Daytona Beach Oceanfront (improperly pled as "Blue Water Development Corp." and correctly identified as Blue Water Hospitality Group LLC)

[CERTIFICATE OF SERVICE ON THE NEXT PAGE]

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of October, 2026, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: robert.mactavish@llgnational.com, Robert S. Mactavish, Esq., LLG National Law Group, Phoenix Corporate Tower, 3003 N. Central Avenue, Suite 685, Phoenix, AZ 85012, Attorneys for Plaintiffs.

*/s/ Brandon U. Campbell*
Brandon U. Campbell